Filed: 6/10/2019 8:48 PM
Lynne Finley
District Clerk
Collin County, Texas
By Jessica Gonzales Deputy
Envelope ID: 34259164

CAUSE NO. 366-03122-2019

| | | |
|---|---|---|
| HARDCASTLE SELF STORAGE, LLC | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff | § | |
| | § | |
| | § | |
| VS. | § | _____ JUDICIAL DISTRICT |
| | § | |
| CERTAIN UNDERWRITERS AT | § | |
| LLOYD'S, LONDON | § | |
| | § | |
| Defendant | § | COLLIN COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

HARDCASTLE SELF STORAGE, LLC, Plaintiff herein, files this Original Petition against Defendants CERTAIN UNDERWRITERS AT LLOYD'S, LONDON ("UNDERWRITERS") and, in support of PLAINTIFF'S causes of action, would respectfully show the Court the following:

### I. THE PARTIES

1.     Plaintiff is a Texas resident who resides and conducts business in COLLIN County, Texas.

2.     Defendant, UNDERWRITERS is in the business of insurance in the State of Texas. The insurance business done by UNDERWRITERS in Texas includes, but is not limited to, the following:

- •   The making and issuing of contracts of insurance with the Plaintiff;

- •   The taking or receiving of application for insurance, including the Plaintiff's application for insurance;

1

**EXHIBIT A**

- The receiving or collection of premiums, commissions, membership fees, assessments, dues or other consideration for any insurance or any part thereof, including any such consideration or payments from the Plaintiff; and

- The issuance or delivery of contracts of insurance to residents of this state or a person authorized to do business in this state, including the Plaintiff.

This defendant may be served by serving **the Commissioner of Insurance, Texas Department of Insurance, 333 Guadalupe Street, Austin, Texas 78701; WHO SHALL THEN SERVE: Mendes and Mount, 750 7th Avenue; New York, NY 10019. Service is requested by certified mail, return receipt requested at this time for both Citations to the Commissioner of Insurance and Mendes and Mount.**

## II. DISCOVERY

3.      This case is intended to be governed by Discovery Level 2.

## III. CLAIM FOR RELIEF

4.      As required by Rule 47(b), Texas Rules of Civil Procedure, Plaintiff's counsel states the damages sought are in an amount within the jurisdictional limits of this Court.  As required by Rule 47(c), Texas Rules of Civil Procedure, PLAINTIFF'S counsel states that Plaintiff is seeking monetary relief over $100,000 but not more than $2,000,000, including damages of any kind, penalties, costs, expenses, prejudgment interest, and attorney's fees.  A jury, however, will ultimately determine the amount of monetary relief actually awarded.  Plaintiff also seeks pre-judgment and post-judgment interest at the highest legal rate.

## IV. JURISDICTION AND VENUE

5.      This court has subject matter jurisdiction of this cause of action  because  it

EXHIBIT A

involves an amount in controversy in excess of the minimum jurisdictional limits of this Court. No diversity of citizenship exists in this matter.

6.     Venue is proper in COLLIN County under Tex.  Civ.  Prac.  & Rem. Code §15.002(a)(1) because all or a substantial part of the events or omissions giving rise to the claim occurred in said County. In particular, the loss at issue occurred in this County.

## V. FACTUAL BACKGROUND

7.     Plaintiff  is the owner of a Texas Commercial Insurance Policy (hereinafter referred to as "the Policy"), which was issued by UNDERWRITERS.

8.     Plaintiff owns the insured property, which is specifically located at 10523 State Hwy 205, Lavon Texas 75166, (hereinafter referred to as "the Property").

9.     During the terms of said policy, on or about APRIL 6, 2018, under Claim No. TP180788 and Policy No. RSA52089, a storm hit the COLLIN County area, damaging Plaintiff's commercial property.  Plaintiff subsequently filed a claim on Plaintiff's insurance policy.

10.     Defendants improperly denied the claim.  Defendants did this by undervaluing the hail/wind damage that was evident on the property.

11.     Plaintiff requested that Defendant, UNDERWRITERS cover the cost of repairs to the Property pursuant to the Policy, including but not limited to, repair and/or replacement of the roof and exterior damage to the Property.

12.     As detailed in the paragraphs below, UNDERWRITERS wrongfully undervalued and denied Plaintiff's claim for repairs to the Property, even though the Policy provided coverage for losses such as those suffered by Plaintiff. Furthermore,

EXHIBIT A

UNDERWRITERS failed to pay Plaintiff's claim by not providing full coverage for the damages sustained by Plaintiff. To date, UNDERWRITERS continues to delay in the payment for the damages to the Property.

13.    UNDERWRITERS and CAMP performed an outcome-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair and inequitable evaluation of Plaintiff's losses on the property.

14.    UNDERWRITERS failed to perform its contractual duty to adequately compensate Plaintiff under the terms of their Policy. Specifically, UNDERWRITERS refused to pay the full proceeds of the Policy after conducting an outcome-oriented investigation, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged property, and all conditions precedent to recovery under the Policy have been carried out and accomplished by Plaintiff. UNDERWRITERS' conduct constitutes a breach of the insurance contract between it and Plaintiff.

15.    Pleading further, UNDERWRITERS misrepresented to Plaintiff that the damage to the Property was not covered under the Policy, even though the damage was caused by a covered occurrence. UNDERWRITERS' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(1).

16.    UNDERWRITERS failed to make an attempt to settle Plaintiff's claim in a fair manner, although it was aware of its liability to Plaintiff under the Policy. Its conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(2)(A).

17.    UNDERWRITERS failed to explain to Plaintiff any valid reason for its coverage denial

EXHIBIT A

and offer of an inadequate settlement. Specifically, it failed to offer Plaintiff full compensation, without any valid explanation why full payment was not being made. Furthermore, UNDERWRITERS did not communicate that any future settlements or payments would be forthcoming to pay for the entire loss covered under the Policy, nor did it provide any explanation for the failure to adequately settle Plaintiff's claim. UNDERWRITERS conduct is a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(3).

18. UNDERWRITERS failed to meet its obligations under the Texas Insurance Code regarding timely acknowledging Plaintiff's claim, beginning an investigation of Plaintiff's claim, and requesting all information reasonably necessary to investigate Plaintiff's claim within the statutorily mandated time of receiving notice of Plaintiff's claim. Its conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.055.

19. Further, UNDERWRITERS failed to accept or deny Plaintiff's full and entire claim within the statutorily mandated time of receiving all necessary information. Its conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.056.

20. UNDERWRITERS failed to meet its obligations under the Texas Insurance Code regarding payment of claims without delay. Specifically, it has delayed full payment of Plaintiff's claim and, to date, Plaintiff has not received full payment for the claim. Its conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.058.

21. From and after the time Plaintiff's claim was presented to UNDERWRITERS, its liability to pay the full claim in accordance with the terms of the Policy was reasonably clear.

EXHIBIT A

However, it has refused to pay Plaintiff in full, despite there being no basis whatsoever upon which a reasonable insurance company would have relied to deny the full payment. UNDERWRITERS' conduct constitutes a breach of the common law duty of good faith and fair dealing.

22.     Additionally, UNDERWRITERS knowingly or recklessly made false representations, as described above, as to material facts and/or knowingly concealed all or part of material information from Plaintiff.

23.     Because of UNDERWRITERS' wrongful acts and omissions, Plaintiff was forced to retain the professional services of the attorney and law firm who is representing Plaintiff with respect to these causes of action.

## VI. CAUSES OF ACTION

24.     Each of the foregoing paragraphs is incorporated by reference in the following:

I.     **Breach of Contract (CERTAIN UNDERWRITERS AT LLOYD'S, LONDON)**

25.     CERTAIN UNDERWRITERS AT LLOYD'S, LONDON had a contract of insurance with Plaintiff. UNDERWRITERS breached the terms of that contract by wrongfully denying and undervaluing the claim and Plaintiff was damaged thereby.

26.     UNDERWRITERS wrongfully denied Plaintiff's claim even though the Plaintiff had a policy to protect the property. Consequently, UNDERWRITERS breached the terms of the contract when it denied the claim to the detriment of the Plaintiff.

27.     To date, Defendant UNDERWRITERS continues to delay in the payment for the damages to the Property. As such, Plaintiff has not been paid in full for the damages to their Property.

6

**EXHIBIT A**

28.     Defendant UNDERWRITERS failed to perform its contractual duties to adequately compensate Plaintiff under the terms of the Policy.  Specifically, it refused to pay the full proceeds of the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged Property, and all conditions precedent to recovery upon the Policy had been carried out and accomplished by Plaintiff.  Defendant UNDERWRITERS' conduct constitutes a breach of the insurance contract between UNDERWRITERS and Plaintiff.

II.     **Prompt Payment of Claims Statute (CERTAIN UNDERWRITERS AT LLOYD'S, LONDON)**

29.     The failure of UNDERWRITERS to pay for the losses and/or to follow the statutory time guidelines for accepting or denying coverage constitutes a violation of Article 542.051 *et seq.* of the Texas Insurance Code.

30.     For noncompliance with the Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the amount of Plaintiff's claim, as well as any penalties and interests per annum on the amount of such claim as damages, together with attorney's fees as set forth in Article 542.060 of the Texas Insurance Code.

31.     Failing to acknowledge or investigate the claim or to request from Plaintiff all items, statements, and forms UNDERWRITERS reasonably believed would be required within the time constraints provided by Tex. Ins. Code § 542.055; Failing to notify Plaintiff in writing of its acceptance or rejection of the Claim within the applicable time constraints provided by Tex. Ins. Code § 542.056; and/or Delaying payment of the Claim following UNDERWRITERS' receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided by Tex. Ins. Code § 542.058.

32.     Specifically, the damage to Plaintiff's commercial property occurred as a result of

EXHIBIT A

a wind/hail storm that occurred on APRIL 6, 2018.  Accordingly, it has been well over sixty (60)

days since the date the damage occurred to the Plaintiff's commercial property (in accordance with

Article 542.058 of the Texas Insurance Code), which, in turn, causes the Plaintiff to be entitled to

18% interest and attorneys' fees as set forth in Article 542.060 of the Texas Insurance Code.

**III.    Unfair Settlement Practices / Bad Faith (CERTAIN UNDERWRITERS AT LLOYD'S, LONDON)**

      **A.    Actionable Conduct of Defendant (CERTAIN UNDERWRITERS AT LLOYD'S, LONDON.)**

33.    Defendants are required to comply with Chapter 541 of the Texas Insurance

Code.

34.    Defendants violated § 541.051 of the Texas Insurance Code by:

      (1)    making statements misrepresenting the terms and/or benefits of the policy.

35.    Defendants violated § 541.060 by:

      (1)    misrepresenting to Plaintiff a material fact or policy provision relating to

coverage at issue;

      (2)    failing to attempt in good faith to effectuate a prompt, fair, and equitable

settlement of a claim with respect to which the insurer's liability had become reasonably clear;

      (3    failing to promptly provide to Plaintiff a reasonable explanation of the

basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or

offer of a compromise settlement of a claim;

      (4)    failing within a reasonable time to affirm or deny coverage of a claim to

Plaintiff or submit a reservation of rights to Plaintiff; and

      (5)    refusing to pay the claim without conducting a reasonable investigation

with respect to the claim;

8

**EXHIBIT A**

36.     Defendants violated § 541.061 by:

(1)     making an untrue statement of material fact;

(2)     failing to state a material fact necessary to make other statements made not misleading considering the circumstances under which the statements were made;

(3     making a statement in a manner that would mislead a reasonably prudent person to a false conclusion of a material fact;

(4)     making a material misstatement of law; and

(5)     failing to disclose a matter required by law to be disclosed.

37.     At all material times hereto, Plaintiff was a consumer who purchased insurance products and services from Defendants.

## IV.     Breach of Duty of Good Faith and Fair Dealing Against CERTAIN UNDERWRITERS AT LLOYD'S, LONDON.

38.     Defendant, UNDERWRITERS, breached the common law duty of good faith and fair dealing owed to Plaintiff by denying or delaying payment on the Claim when UNDERWRITERS knew or should have known liability was reasonably clear.  Defendant, UNDERWRITERS is therefore liable to Plaintiff.

39.     The mishandling of Plaintiff's claim has also caused a delay in the ability to fully repair the Property, which has resulted in additional damages.  To date, Plaintiff has yet to receive the full payment to which they are entitled under the Policy and have not been able to fully repair or replace the damage to the insured Property.

## V.     Attorneys' Fees

40.     Plaintiff engaged the undersigned attorney to prosecute this lawsuit against

EXHIBIT A

Defendants and agreed to pay reasonable attorneys' fees and expenses through trial and any appeal.

42.    Plaintiff is entitled to reasonable and necessary attorney's fees pursuant to TEX. CIV. PRAC. & REM. CODE §§ 38.001-38.003 because Plaintiff is represented by an attorney, presented the claim to Defendants, and Defendants did not tender the just amount owed before the expiration of the 30th day after the claim was presented.

43.    Plaintiff further prays that it be awarded all reasonable attorneys' fees incurred in prosecuting its causes of action through trial and any appeal pursuant to Sections 541.152 542.060 of the Texas Insurance Code.

## VII. CONDITIONS PRECEDENT

44.    All conditions precedent to Plaintiff's right to recover have been fully performed, or have been waived by Defendants.

## VIII. DEMAND FOR JURY

45.    Pursuant to Rule 216 of the Texas Rules of Civil Procedure, Plaintiff herein requests a jury trial and along with the filing of the Original Petition has tendered to the Clerk of the Court the statutory jury fee.

## IX. DISCOVERY REQUESTS

46.    Pursuant to Rule 194, you are requested to disclose, within fifty (50) days after service of this request, the information or material described in Rule 194.2(a)-(l).

47.    You are also requested to respond to the attached interrogatories, requests for production and requests for admissions within fifty (50) days, in accordance with the instructions stated therein.

EXHIBIT A

## X. PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff herein prays that, upon final hearing of the case, Plaintiff recover all damages from and against Defendants that may reasonably be established by a preponderance of the evidence, and that Plaintiff be awarded attorneys' fees through trial and appeal, costs of court, pre-judgment interest, post-judgment interest, and such other and further relief, general or special, at law or in equity, to which Plaintiff may show it be justly entitled.

Respectfully submitted,

**WHYTE PLLC**
1045 Cheever Blvd., Suite 103
San Antonio, Texas 78217
Telephone:     (210) 562-2888
Facsimile:     (210) 562-2873

BY:     /s/ Marc K. Whyte
        MARC K. WHYTE
        State Bar No. 24056526
        Email: mwhyte@whytepllc.com
        Email: jsaenz@whytepllc.com

**ATTORNEY FOR PLAINTIFF**

11

**EXHIBIT A**

## PLAINTIFF FIRST SET OF INTERROGATORIES, REQUESTS FOR PRODUCTION AND REQUESTS FOR ADMISSIONS

COMES NOW Plaintiff(s) in the above-styled and numbered cause, and requests that Defendant(s) (1) answer the following Interrogatories separately and fully in writing under oath within 50 days of service; (2) answer the Requests for Production separately and fully in writing within 50 days of service; (3) answer the Requests for Admissions separately and fully in writing within 50 days of service; (4) serve your answers to these Interrogatories, Requests for Production, and Requests for Admissions on Plaintiff by and through his/her attorneys of record, Marc K. Whyte, WHYTE PLLC, 1045 Cheever Blvd., Suite 103, San Antonio, Texas 78217; and (5) produce all documents responsive to the Requests for Production as they are kept in the usual course of business or organized and labeled to correspond to the categories in the requests within 50 days of service to WHYTE PLLC. You are also advised that you are under a duty to seasonably amend your responses if you obtain information on the basis of which:

a.    You know the response made was incorrect or incomplete when made; or

b.    You know the response, though correct and complete when made, is no longer true and complete, and the circumstances are such that a failure to amend the answer in substance is misleading.

## DEFINITIONS AND INSTRUCTIONS

A.    These Responses call for your personal and present knowledge, as well as the present knowledge of your attorneys, investigators and other agents, and for information available to you and to them.

B.    If you cannot answer a particular Interrogatory in full after exercising due diligence to secure the information to do so, please state so and answer to the extent possible, specifying and explaining your inability to answer the remainder and stating whatever information or knowledge you have concerning the unanswered portion.

C.    If you claim that any document which is required to be identified or produced by you in any response is privileged:
   1.   Identify the document's title and general subject matter;
   2.   State its date;

3. Identify all persons who participated in its preparation;
4. Identify the persons for whom it was prepared or to whom it was sent;
5. State the nature of the privilege claimed; and
6. State in detail each and every fact upon which you base your claim for privilege.

D.   "Documents," includes any written, recorded or graphic matter, however produced or reproduced, of every kind regardless of where located including, but not limited to, medical records, tax returns, earnings statements, any summary, schedule, memorandum, note, statement, letter, telegraph, interoffice communication, report, diary, ledger, journal, log, desk or pocket calendar or notebook, day book, appointment book, pamphlet, periodical, worksheet, cost sheet, list, graph, chart, telephone or oral conversation, study, analysis, transcript, minutes, accounting records, data sheet, tally or similar freight documents, computer printout, electronic mail, computer disk, and all other memorials of any conversations, meetings and conferences, by telephone or otherwise, and any other writing or recording which is in your possession, custody or control or in the possession, custody or control of any director, officer, employee, servant or agent of yours or your attorneys.  The term "documents" shall also include the files in which said documents are maintained. Electronically stored information should be produced in PDF format.

E.   "You," "Your," "Yours", "Defendants" and "Defendant" means all Defendants in this case.

F.   In each instance where you are asked to identify or to state the identity of a person, or where the answer to an Interrogatory refers to a person, state with respect to each such person:
1. His or her name;
2. His or her last known business and residence address and telephone number; and
3. His or her business affiliation or employment at the date of the transaction, event or matter referred to.

G.   If you decide that one question is not simply one question and plan to object based upon more than 25 interrogatories, you are instructed to skip that question and continue to answer what you consider to be only one question, by answering only the first 25 alleged single questions. By answering any one numbered question, you are hereby admitting that one number question is in fact one question and waive any objection based upon a limit of interrogatories.

H.   "Plaintiff" and "PLAINTIFF'S" includes all Plaintiff, and refers to a single Plaintiff or multiple Plaintiff, if applicable.

I.   "Property" means the property at issue in the lawsuit.
J.   "Lawsuit" means this lawsuit.

EXHIBIT A

Respectfully submitted,

**WHYTE PLLC**
1045 Cheever Blvd., Suite 103
San Antonio, Texas 78217
Telephone:     (210) 562-2888
Facsimile:      (210) 562-2873

BY:     _/s/ Marc K. Whyte_
        MARC K. WHYTE
        State Bar No. 24056526
        Email: mwhyte@whytepllc.com
        Email: jsaenz@whytepllc.com

**ATTORNEY FOR PLAINTIFF**

14

**EXHIBIT A**

## INTERROGATORIES TO DEFENDANT

1.   Identify the name, address, and role in the claim made the basis of this Lawsuit, if any, for all persons providing information for the answers these interrogatories.

ANSWER:

2.   Identify all persons and/or entities who handled the claim made the basis of the Lawsuit on behalf of Defendant.

ANSWER:

3.   Does Defendant contend that Plaintiff(s) failed to provide proper notice of the claim made the basis of this Lawsuit under either the policy or the Texas Insurance Code, and, if so, describe how the notice was deficient, and identify any resulting prejudice caused to Defendant.

ANSWER:

4.   Does Defendant claim that Plaintiff(s) failed to mitigate his or her damages?  If so, describe how Plaintiff failed to do so, identifying any resulting prejudice caused to Defendant.

ANSWER:

5.   Does Defendant contend that Plaintiff(s) failed to provide Defendant with requested documents and/or information?  If so, identify all requests to which Plaintiff(s) did not respond and state whether you denied any portion of the claim based on PLAINTIFF(s') failure to respond.

ANSWER:

6.   At the time the claim made the basis of this Lawsuit was investigated and the Property inspected (and prior to anticipation of litigation), describe all damage attributable to the storm observed at the Property by Defendant or any persons or entities on behalf of Defendant.

ANSWER:

7.   Identify all exclusions under the Policy applied to the claim made the basis of this Lawsuit, and for each exclusion identified, state the reason(s) that Defendant relied upon to apply that exclusion.

ANSWER:

**EXHIBIT A**

8.    Describe how Defendant determined whether overhead and profit ("O&P") should be applied to the claim made the basis of this Lawsuit, identifying the criteria for that determination.

ANSWER:

9.    Identify all items on the claim made the basis of this Lawsuit to which Defendant applied depreciation, stating for each item the criteria used and the age of the item.

ANSWER:

10.   To the extent Defendant utilized an estimating software program and modified the manufacturer's settings with respect to PLAINTIFF claim, identify those modifications.

ANSWER:

11.   State whether Defendant applied depreciation to the tear off of the damaged roof and/or other debris removal in the claim made the basis of this Lawsuit, identifying the basis for that depreciation and the applicable policy section under which the tear off was paid under.

ANSWER:

12.   Identify all price lists used to prepare all estimates on the claim made the basis of this Lawsuit, stating the manufacturer, version, date and geographical area.

ANSWER:

13.   To extent Defendant is aware, state whether the estimate(s) prepared for the claim made the basis of lawsuit wrongly included or excluded any item or payment. If so, identify each item or payment and state whether it should have been included or excluded from the estimates prepared on the claim made the basis this Lawsuit.

ANSWER:

14.   To the extent Defendant is aware, state any violations of Texas Insurance Code Section 541 that were discovered on this claim during the claims handling process.

ANSWER:

15.   To the extent Defendant is aware, state any violations of Texas Insurance Code Section 542 that were discovered on this claim during the claims handling process.

ANSWER:

EXHIBIT A

## REQUESTS FOR PRODUCTION TO DEFENDANT

1.   The following insurance documents issued for the Property as identified in the Petition:
   a.   the policy at issue for the APRIL 6, 2018 as identified in the Petition; and
   b.   the policy declarations page for the 3 years preceding the storm and any endorsements.

   RESPONSE:

2.   Produce underwriting files and documents relating to the underwriting for all insurance policies for the Property at issue. This request is limited to the past 5 years. To the extent Defendant contends that the underwriting file or documents older than 5 years impact the damages or coverage, produce that underwriting file or document.

   RESPONSE:

3.   All documents relating to the condition or damages of the Property or any insurance claim on the Property.

   RESPONSE:

4.   All documents relating to any real property insurance claims made by the Plaintiff(s). This request is limited to the past 5 years. To the extent Defendant contends that documents older than 5 years impact the damages or coverage, produce that document.

   RESPONSE:

5.   All requests for information to any third party about the Property, the Plaintiff(s), or the claims made the basis of this Lawsuit.

   RESPONSE:

6.   All documents used to instruct, advise, guide, inform, educate, or assist provided to any person handling the claim made the basis of this Lawsuit that related to the adjustment of this type of claim, i.e., hail property damage.

   RESPONSE:

7.   All documents received (prior to litigation) directly or indirectly from Plaintiff(s) or created by Plaintiff(s) related to the Property made the basis of this lawsuit. This request is limited to the past 5 years. To the extent Defendant contends that any document older than 5 years impact the damages or coverage, produce that document.

   RESPONSE:

EXHIBIT A

8.   Produce a copy of all price lists used to prepare any estimates for the claim made the basis of this Lawsuit. To the extent the pricelist is an unmodified pricelist from a third party, you can reference the vendor and version of the pricelist with a stipulation that it is unmodified.

     RESPONSE:


9.   A complete copy the personnel file related to performance (excluding medical and retirement information) for all people and their managers and/or supervisors who directly handled the claim made the basis of this Lawsuit, including all documents relating to applications for employment, former and current resumes, last known address, job title, job descriptions, reviews, evaluations, and all drafts or versions of requested documents. This request is limited to the past 5 years.

     RESPONSE:

10.  If an engineer and/or engineering firm evaluated the Property, produce all reports written at the request of Defendant by that engineer or engineering firm within the last 5 years. This request is limited to the extent that the engineer and/or engineering firm was used during claims handling.

     RESPONSE:


11.  All documents relating to issues of honesty, criminal actions, past criminal record, criminal conduct, fraud investigation and/or inappropriate behavior which resulted in disciplinary action by Defendant of any person(s) or entity(ies) who handled the claim made the basis of this Lawsuit, the Plaintiff(s) or any person assisting on the claim made the basis of this Lawsuit.

     RESPONSE:

12.  All documents relating to work performance, claims patterns, claims problems, commendations, claims trends, claims recognitions, and/or concerns for any person who handled the claim made the basis of this Lawsuit.

     RESPONSE:

EXHIBIT A

13.   All Simsol Management reports that include this claim in any way, this Policy, the amount paid on this Policy and/or referencing any person who handled the claim made the basis of this Lawsuit relating to claims arising out of the hail storms occurring in the county of suit on or about the APRIL 6, 2018 claimed by Plaintiff(s).

RESPONSE:

14.   All documents between Defendant and any person(s) and/or entity(ies) who handled the claim made the basis of the Lawsuit regarding document retention policy in effect at the time of PLAINTIFF claim.

RESPONSE:

15.   The claim file related to the claim made the basis of this lawsuit, including all communications between Plaintiff and Defendant, and any of Defendant's agents.

RESPONSE:

EXHIBIT A

## FIRST SET OF REQUESTS FOR ADMISSIONS
## TO DEFENDANT

**REQUEST FOR ADMISSION NO. 1.**  Admit you committed statutory bad faith in adjusting
PLAINTIFF claim.

RESPONSE:

**REQUEST FOR ADMISSION NO. 2.**  Admit you committed common law bad faith in adjusting PLAINTIFF claim.

RESPONSE:

**REQUEST FOR ADMISSION NO. 3.**  Admit you breached the insurance agreement by failing to pay the full amount owed there under.

RESPONSE:

**REQUEST FOR ADMISSION NO. 4.**  Admit you breached the insurance agreement by failing to pay the full amount owed there under on a timely basis.

RESPONSE:

**REQUEST FOR ADMISSION NO. 5.**  Admit you breached the Texas Prompt Payment Act by failing to pay the full amount owed under the policy in a timely fashion.

RESPONSE:

20

EXHIBIT A

## PLAINTIFF'S REQUESTS FOR DISCLOSURE TO DEFENDANT

Pursuant to Texas Rule of Civil Procedure 194, you are hereby requested to disclose, within

fifty (50) days of service of this request, the information or material described in Rule 194.2(a)-

(k), as described below:

(a)      the correct names of the parties to the lawsuits;

(b)      the name, address, and telephone number of any potential parties;

(c)      the legal theories and, in general, the factual basis of Plaintiff's claims;

(d)      the amount and any method of calculating economic damages;

(e)      the name, address and telephone number of persons having knowledge of relevant facts, and a brief statement of each identified person's connection with the case;

(f)      for any testifying expert:

     (1)      the expert's name, address and telephone number;

     (2)      the subject matter on which the expert will testify;

     (3)      the general substance of the expert's mental impressions and opinions and a brief summary of the basis of them, or if the expert is not retained by, employed, or otherwise subject to the control of Plaintiff, documents reflecting such information;

     (4)      if the expert is retained, employed by or otherwise subject to the control of Plaintiff:

         (A)      all documents, tangible things, reports, models, or data compilations that have been provided to, reviewed by, or prepared by or for the expert in anticipation of the expert's testimony;

         (B)      the expert's current resume and bibliography;

(g)      any indemnity or insuring agreements;

(h)      any settlement agreements, described in Rule 192.3(g);

(i)      any witness statements, described in Rule 192.3(h);

(j)      all medical records and bills that are reasonably related to the injuries or damages asserted or, in lieu thereof, an authorization permitting the disclosure of such medical records and bills;

(k)      all medical records and bills obtained by the responding party by the responding party by virtue of an authorization furnished by the requesting party.

I.

In accordance with Texas Rule of Civil Procedure 194.3, please serve written responses

within fifty (50) days after service of this request.

22

**EXHIBIT A**

II.

In compliance with Rule 194.4 of the Texas Rules of Civil Procedure, please produce

responsive documents to WHYTE PLLC, 1045 Cheever Blvd, Suite 103, San Antonio, Texas

78217.

Respectfully submitted,

**WHYTE PLLC**
1045 Cheever Blvd., Suite 103
San Antonio, Texas 78217
Telephone:      (210) 562-2888
Facsimile:      (210) 562-2873

BY:   */s/ Marc K. Whyte*
MARC K. WHYTE
State Bar No. 24056526
Email: mwhyte@whytepllc.com
Email: jsaenz@whytepllc.com

**ATTORNEY FOR PLAINTIFF**

23

**EXHIBIT A**

FIRST-CLASS MAIL

US POST

ZIP 75071
041112250879



**CERTIFIED MAIL**

JESSICA GONZALES
COLLIN COUNTY DISTRICT CLERK'S
2100 BLOOMDALE RD STE 12132
MCKINNEY, TX 75071-8318

**RETURN RECEIPT (ELECTRONIC)**

9214 8901 0661 5400 0139 1668 33

366-03122-2019
BY SERVING MENDES AND MOUNT
CERTAIN UNDERWRITERS AT LLOYD'S, LONDON
750 7TH AVENUE
NEW YORK, NY 10019

**EXHIBIT A**